(No. 91-CC-2735-)

ORBIT TRANSPORT, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 19, 1996.*

*Supplementary order and award filed May 13, 1996.*

LOEWENSTEIN, HAGEN, OEHLERT & SMITH, P.C. (GARY L. SMITH, of counsel), for Claimant.

JIM RYAN, Attorney General (JENNIFER JOHNSON, Assistant Attorney General, of counsel), for Respondent.

OPINION

EPSTEIN, J.

This is a claim against the Respondent's Department of Transportation ("IDOT") for litigation expenses pursuant to section 10—55(a) of the Illinois Administrative Procedures Act (the "APA"). (5 ILCS 100/10—55(a).) This Court has jurisdiction of this claim under section 8(i) of our Act. 705 ILCS 505/8.

The statutory fee-shifting provision that is invoked here by the Claimant is paragraph (a) of APA section 10—55, which applies, insofar as material here, to a "contested case initiated by any agency that does not proceed to Court for judicial review * * *." The standard of liability for litigation expenses in APA section 10—55(a) reads as follows:

"* * * any allegation made by the agency without reasonable cause and found to be untrue shall subject the agency making the allegations to the payment of the reasonable expenses, including attorney's fees, actually incurred in defending against that allegation by the party against whom the case was initiated. A claimant may not recover litigation expenses when the parties have executed a settlement agreement that, while not stipulating liability or violation, requires the claimant to take corrective action or pay a monetary sum."

Claimant Orbit Transport, Inc. ("Orbit") alleges that IDOT made an allegation of "knowing" conduct in an administrative enforcement complaint against it "without reasonable cause" and that the allegation was "found to be untrue" by the IDOT hearing officer. (IDOT did not seek administrative review of the hearing officer's decision, and no settlement agreement was involved in those proceedings.)

This fee claim is based on an IDOT administrative "notice of probable violation" against the Claimant, a

trucking company, that alleged a "knowing" violation of the Illinois Hazardous Material Transportation Act, 430 ILCS 30/1, *et seq.* (the "Act"). IDOT alleged that Claimant knowingly violated IDOT's placard regulations for transporting hazardous materials on Illinois highways that were adopted under the Act by driving a truck containing hazardous commodities when one of the several required placards had (somehow) come off the truck while traveling our highways. IDOT sought to impose civil penalties on the Claimant for this alleged violation. Following a stipulation between Orbit and IDOT that the Orbit driver did not have "actual knowledge" of the missing placard, the case was tried to an IDOT administrative hearing officer on a theory of "constructive knowledge." The hearing officer found the charges unproven.

The critical issue before us on this fee claim is whether IDOT's allegation of a "knowing" violation of the placard rules was, or was not, made with "reasonable cause." This is not quite as straightforward a question as it initially might seem, given the shifting meaning of the key word.

At the outset, it is clear that: (1) the Act allows civil penalties only against a "person * * * [who] *knowingly* committed an act that is a violation of this Act or any rule or regulation issued under this Act," 403 ILCS 30/11, and that (2) IDOT accused Claimant of "knowingly" driving a truckload of hazardous materials with at least one of the required placards missing, and (3) the IDOT hearing officer found that IDOT had "failed to prove that the Respondent engaged in a knowing violation of the Act * * *." *In the Matter of Orbit Transport, Inc.*, CP 89-1438 (October 30, 1990) (C.R. Draper), at 9.

The unusual twist in this case is that the meaning of "knowingly"—the allegedly false allegation—was itself a disputed issue in the administrative proceeding. The

Claimant took the position then, and adheres to it now, that IDOT's stipulation that Orbit's truck driver did not have "actual knowledge" that the placard was missing is terminally dispositive of the violation charge. On Claimant's view, the "knowingly" allegation meant, and under the Illinois statute and IDOT regulations had to mean, "actually knew" and that that was admitted to be false by IDOT's stipulation.

IDOT takes the view that "knowingly" was intended by IDOT to mean "constructively knew," and that it clearly and explicitly confirmed that by the pre-trial stipulation. Under that "constructive knowledge" interpretation, IDOT contends that its allegation of "knowingly" was reasonable under the circumstances, as well as a reasonable and properly aggressive attempt to obtain a stricter judicial interpretation of the statute that would be more favorable to enforcement of the Act. IDOT argues strenuously that it ought not be penalized—or at least not forced to pay Orbit's litigation expenses—because it sought to advocate a legally plausible, but unsuccessful, interpretation of the law.[1] Respondent urges that it acted reasonably at all stages of the administrative proceeding, and that APA section 55(a) requires a much more egregious behavior on the part of the agency before liability is imposed.

Both sides agree that the administrative action proceeded to trial on IDOT's legal theory that the Act and regulations should be construed only to require "constructive knowledge" that the placard was missing, i.e.,

[1] IDOT's constructive knowledge theory was based on at least one judicial decision so construing a parallel Federal statute. IDOT concedes, however, that that decision relied on a Federal administrative rule that defined the required "knowledge" element to include constructive ("should have known") knowledge, but that no parallel Illinois administrative rule has been adopted by IDOT (assuming *arguendo* that one could be, consistent with the language of the Act itself). In any event, the decision on which IDOT relied was not rendered by an Illinois court and was not a construction of the Illinois statute or of IDOT regulations; and no Illinois court has directly addressed this issue.

that the Orbit driver was somehow negligent or derelict of his duty in not determining that the placard had somehow come off the side of the truck during the first few hours of driving that day (after undisputedly leaving the dock with all signs in place). It appears that the IDOT hearing officer accepted this theory, or at least applied it in this case.

As Claimant emphasizes, the hearing officer applied the lower "constructive knowledge" standard of scienter to this case and found it unproven by IDOT, which Claimant contends is tantamount to a finding that the allegation was untrue.

Under the circumstances presented here, we do not find it necessary to reach several of these interesting issues raised by the parties, including the issues of whether or not the "untrue allegation" liability of APA section 10—55(a) includes allegations of law as well as allegations of fact, a point on which neither party has produced precedent or analysis.

Our following findings suffice for us to decide the dispositive issue under the section 10—55(a) standard of liability for "untrue allegations" in IDOT's charge against this Claimant:

1. IDOT's administrative complaint alleged "knowing" misconduct under an Illinois statute that, on its face, and as then construed to date, required actual knowledge in order to trigger a civil penalty; no regulatory gloss purported to alter that statutory standard of scienter; IDOT's complaint sought a civil penalty against the Claimant and thus invoked the "knowingly" standard;

2. In order to plead its "constructive knowledge" theory of Claimant's liability, IDOT's complaint could have, but did not, allege "constructive knowledge" as a

fact conclusion and could have, but did not, allege facts known or thought to be known to the Claimant (i.e., to its driver or other personnel) that might support a conclusion of such constructive knowledge; this traditional pleading technique was not utilized by IDOT in this case;

3. From the time of the IDOT-Orbit stipulation, Claimant was not, and knew it was not, defending a charge of "actual knowledge" of the missing placard; but this case does not involve bad faith or intentional deception by IDOT;

4. The IDOT administrative hearing officer accepted the "constructive knowledge" application of the Act insofar as he applied that construction of the "knowing" element to the facts presented by IDOT at the administrative hearing, and found that IDOT failed to prove that Orbit (i.e., Orbit's driver) had constructive knowledge of the missing placard;[2] in the absence of complicating factors, this finding is tantamount to a determination that the charge was untrue;

5. In this Court and in the administrative hearing below, IDOT failed to make any significant showing of a factual basis for its allegation of "constructive knowledge" of the missing placard. IDOT failed to show a reasonable basis for alleging that the Orbit driver, at any time during approximately two hours of highway driving after leaving his departure point with all required hazardous material placards duly affixed in compliance with the IDOT regulations, and affixed in a manner that met IDOT regulations, knew facts that should have indicated to him, or otherwise had reason to know, that one hazardous materials placard had come off of the truck.

---

[2] This Court need not and does not intimate any opinion as to the proper interpretation of the "knowledge" element of the Act and, correspondingly, of the IDOT hazardous material transportation regulations.

These findings require us to conclude that IDOT has breached the standard of section 10—55(a) by its factual allegation of "knowing" violation, under both an actual knowledge and a constructive knowledge interpretation. Either way, the allegation was not reasonably made in this case. Claimant is entitled to an award of litigation expenses under the statute.

However, in awarding litigation expenses under this statute, we are commanded to award only such expenses, including attorney's fees, that were "actually incurred in defending against the [offending] allegation * * *." Because of the shifting meaning of the critical allegation during the administrative proceedings, our award determination requires further comment.

Ordinarily, the defense of an allegation would seemingly require the allegation to have been made. Ordinarily, recoverable defense expenses based on an improper allegation would exclude defense efforts preceding the making of the allegation. However, under the peculiar procedural facts involved in this administrative action, where the legal and factual issues are so closely intertwined, where the first ("actual knowledge") as well as the second ("constructive knowledge") interpretative version of the unreasonable/false allegation was false, and where the administrative Respondent from the outset had to defend itself against baseless charges, we are not inclined to draw fine lines to demark the onset of the recoverable defense expenses, and we are not persuaded that Claimant's knowledge of the intended meaning of the charge is a reason to reduce its recompense in these circumstances.

Accordingly, we will award Claimant his requested litigation expenses, consisting of attorney's fees based on 19.5 hours of time in the administrative hearing process (at $100 per hour), including pre-trial and pre-stipulation

time, as set forth in Claimant's bill of particulars. We will add to the award Claimant's counsel fees for the filing, briefing and hearing in this Court, as allowed by the statute and conceded to be appropriate by the Respondent.

The Court finds liability in favor of the Claimant. Claimant shall file a supplementary bill of particulars covering its litigation expenses in this court within 14 days after this order. Respondent may file objections within 14 days after its receipt thereof.

Judgment is entered for Claimant and against the Respondent. An award will follow.

## SUPPLEMENTARY ORDER AND AWARD

EPSTEIN, J.

On March 19, 1996, the Court issued its opinion in this case granting this claim and entered an order directing supplemental submissions by the parties on the Claimant's attorney's fees in this court. Claimant filed its supplementary bill of particulars, requesting $2,200 in attorney's fees (and no other litigation expenses) in addition to the $1,950 in attorney's fees previously approved in the Court's opinion, and the Respondent has not interposed any objection.

Accordingly, pursuant to our opinion and order of March 19, 1996, it is hereby ordered: Claimant Orbit Transport, Inc. is awarded the sum of $4,150 in full and complete satisfaction of all claims presented in this matter.